IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VANESSA L. NAISHA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-738-RGA |
| | : | |
| DANA METZGER, et al., | : | |
| | : | |
| Defendants. | : | |

Vanessa L. Naisha, James T. Vaughn Correctional Center, Smyrna, Delaware.   Pro Se Plaintiff.


**MEMORANDUM OPINION**


October 12, 2018
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Vanessa L. Naisha, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). She appears *pro se* and has paid the filing fee. She requests counsel. (D.I. 7). The Court screens and reviews the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## BACKGROUND

Plaintiff, a transgender who identifies as a woman, is housed in the Residential Treatment Center at JTVCC. On February 7, 2018, correctional officers announced a shakedown was taking place and ordered Plaintiff and another inmate to leave their cell and to go into the shower. (D.I. 1 at 2). While there, Sgt. Jones instructed Plaintiff to "strip out" because Jones was conducting a strip search. (*Id.* at 3). Plaintiff replied that she is not comfortable undressing in the presence of a male officer. (*Id.*). Jones told Plaintiff he would contact Defendant Lt. Keshaw Travies, a female, about the issue. (*Id.*).

About ten minutes later, Defendant Officer Arabia arrived at the shower, and instructed Plaintiff to cuff up because she would either be going to the hole or forced by male officers to strip. (*Id.*). Plaintiff undressed, and Arabia conducted a visual inspection. (*Id.*). Minutes later another correctional officer told Plaintiff to file a complaint under the Prison Rape Elimination Act. Plaintiff alleges that Travies was in

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

the area at the time and in a position to correct Arabia but, instead, Travies ratified and condoned his actions. (*Id*. at 8). Plaintiff alleges that Defendant Warden Dana Metzger violated her constitutional rights by not having a policy in place to protect transgender inmates from being stripped by male officers. (*Id*.).

When searching Plaintiff's cell, correctional officers discovered a razor blade in one of Plaintiff's sneakers which they confiscated. (*Id*. at 4). They also confiscated a soda bottle that contained juice. (*Id*.). Plaintiff was advised that she would be receiving a disciplinary ticket for having contraband. (*Id*. at 5). Later that evening, Travies served Plaintiff with two disciplinary reports. (*Id*. at 6). Plaintiff entered a guilty plea to one report and pled not guilty to the other one. (*Id*.). Travies returned Plaintiff's sneakers and at the same time stated, "don't be filing PREAs with my officers." (*Id*.).

On February 9, 2018, Defendant Lt. Burman found Plaintiff guilty of the infractions without calling Plaintiff's witness, allowing her to confront her accuser, allowing counsel, and without proof. (*Id*.) Plaintiff told Burman she wished to appeal, but when the appeal papers were not given to her she wrote the appeal on regular paper and mailed it via in-house mail to the appeal office. (*Id*.). Plaintiff was sanctioned 30 days loss of all privileges for one disciplinary report and 31 days loss of all privileges for the other report. (D.I. 1 at 12, 16). Plaintiff submitted grievances and was told that the matter had been referred to the PREA office for investigation.

Plaintiff alleges Defendants' actions violated her constitutional rights. She seeks declaratory and injunctive relief as well as compensatory and punitive damages.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir.

3

1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

4

## DISCUSSION

**Strip Search**. Plaintiff alleges her Eighth Amendment rights were violated by Defendants Metzger, Travies, and Arabia when she was forced to strip naked for a visual inspection, sexually assaulted and sexually harassed. (D.I. 1 at 8). She alleges the actions caused her pain, suffering, mental anguish, and emotional distress. (*Id.*).

A prisoner's challenge to a strip search may be cognizable under 42 U.S.C. § 1983 through the Fourth or Eighth Amendments. *See Seymour/Jones v. Spratts*, 1990 U.S. Dist. LEXIS 193, *4 (E.D. Pa. 1990) (citing *Bell v. Wolfish*, 441 U.S. 520, 558–60, (1979)). To raise a Fourth Amendment claim, the prisoner must allege that the strip search was unreasonable. *See Payton v. Vaughn*, 798 F. Supp. 258, 261-62 (E.D. Pa. 1992). Where a prisoner alleges that the strip search was conducted in a physically abusive manner, the Eighth Amendment applies. *See Jordan v. Cicchi*, 428 F. App'x 195, 199-200 (3d Cir. 2011) (explaining that excessive force claim arising from strip search may proceed under either Fourth or Eighth Amendments, but latter is "the primary source of protection after an individual's conviction"); *Robinson v. Ricci*, 2012 WL 1067909, at *17 n.6 (D.N.J. Mar. 29, 2012) (in addition to possible Fourth Amendment violation, "Eighth Amendment may be implicated where the strip search or visual body cavity search was conducted in a brutish and unreasonable manner). Courts have found that, in certain circumstances, prisoner nudity can constitute cruel and unusual punishment under the Eighth Amendment. *See Solan v. Ranck*, 2007 WL 4111424, at *7-8 (M.D. Pa. Nov. 16, 2007), *aff'd*, 326 F. App'x 97 (3d Cir. 2090). The "basic right of privacy" is implicated when a prisoner is forced to be unclothed and, when done to humiliate the prisoner can violate the Eighth amendment. *Id.* at *9.

5

Plaintiff's *pro se* status, in conjunction with the specific factual allegations, permit the inference that it is plausible her constitutional rights were violated by Metzger, Travies, and Arabia.

**Due Process**. Plaintiff alleges Burman violated her right to Due Process when he did not allow her to be represented by counsel, refused to permit witnesses, and had no evidence to support a finding of guilt. (D.I. 1 at 8). "The Due Process Clause standing alone confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" *Sandin v. Connor*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). State created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515 U.S. at 484).

In deciding whether a protected liberty interest exists under *Sandin*, a federal court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions. *Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003) (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)). With regard to the sanctions imposed upon the finding of guilt, Plaintiff fails to state a constitutional claim on the facts alleged. *See Fantone v. Herbik*, 528 F. App'x 123, 129 (3d Cir. 2013) (no procedural due process claim when inmate complained of 35 days in isolation, the court stating, "we have held that this type confinement does not constitute an "atypical and significant hardship" so as to trigger due process rights."). Here Plaintiff was sentenced to 30 days loss of all privileges for one disciplinary report to 31 days loss of all privileges for the second disciplinary report.

To the extent Plaintiff alleges that she did not receive the procedural due process she was due, she cannot prevail. If "restraints on a prisoner's freedom are deemed to fall 'within the expected perimeters of the sentence imposed by a court of law,' "then the prisoner does not have a "protected liberty interest" and the "state owed [her] no process before placing [her] in disciplinary confinement." *Mitchell v. Horn*, 318 F.3d at 531; *see also Henderson v. Kerns-Barr*, 313 F. App'x 451, 452 (3d Cir. 2008) (assuming that plaintiff was not afforded the protections called for by *Wolff*, because the sanction of 90 days disciplinary confinement did not affect the inmate's release date, there was no liberty interest and, therefore, no trigger of due process rights). According to the allegations in the complaint, Plaintiff lost privileges. The sanctions do not implicate a protected liberty interest, and, therefore, her claim fails.

The Complaint fails to articulate a protected liberty interest with respect to the discipline imposed. Therefore, the Court will dismiss the Due Process claims raised in against Burman as legally frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

**Request for Counsel.** Plaintiff proceeds *pro se* and has paid the filing fee. She states that although she was able to pay the filing fee, she is unable to afford counsel. (D.I. 3). Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel. Section 1915(e)(1) confers the district court with the power to request that counsel represent a litigant who is proceeding *in forma pauperis*. Plaintiff has never sought *in forma pauperis* status or provided documentation to support a finding that she is a pauper. Therefore, at this juncture she

7

does not qualify for counsel under § 1915. The request for counsel will be denied without prejudice to renew.

## CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's request for counsel (D.I. 3); (2) dismiss Defendant Barry Burman; and (3) allow Plaintiff to proceed against Dana Metzger, Keshaw Travies, and C/O Arabia.

An appropriate Order will be entered.