IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VANESSA L. NAISHA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-738-RGA |
| DANA METZGER, et al., | : |
| Defendants. | : |

**MEMORANDUM**

1. **Introduction**. Plaintiff Vanessa L. Naisha, a transgender who identifies as a woman, is housed in the Residential Treatment Center at the James T. Vaughn Correctional Center in Smyrna, Delaware. (D.I. 1). She appears *pro se* and has paid the filing fee. Before the Court are several motions filed by Plaintiff. (D.I. 31, 32, 38, 44).

2. **Motions to Amend**. Plaintiff has filed two motions for leave to amend. (D.I. 31, 38). I will deny the motions. The first motion was not signed by Plaintiff. (D.I. 31). Rather, it was signed and mailed by another individual, who it appears, is not an attorney. A non-attorney may not act as an attorney for other individuals and may only represent himself in this court. *See* 28 U.S.C. § 1654. The Court further notes that the motions seek to amend to add claims for different time-frames than those alleged in the original Complaint. Finally, neither motion complies with Local Rule 15.1. A previous order advised Plaintiff that she must comply with this rule when seeking to amend. (*See* D.I. 27). She did not.

1

3. **Request for Counsel**. Plaintiff has renewed her request for counsel. (D.I. 32). The request will be denied for the reasons set forth in the October 12, 2018 Memorandum. (*See* D.I. 9) Nothing has changed since then. Plaintiff paid the filing fee and has not sought *in forma pauperis* status or provided documentation to support a finding that she is a pauper. *See* 28 U.S.C. § 1915(e)(1) (Court may request an attorney to represent any person unable to afford counsel).

4. **Motion to Depose Defendants**. Plaintiff seeks to depose Defendants. (D.I. 44). I will deny the motion without prejudice to renew upon a showing that Plaintiff has the ability to pay the costs associated with deposing Defendants. Plaintiff does not proceed *in forma pauperis*, and it is not clear if she seeks the Court's assistance in paying such costs. Even were Plaintiff proceeding *in forma pauperis*, it is her responsibility to pay the costs associated with the taking of depositions. *See Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (§ 1915 does not require the government to advance funds for deposition expenses).

5. **Conclusion**. Based upon the above discussion, the Court will: (1) deny Plaintiff's motions for leave to amend (D.I. 31, 38); (2) deny Plaintiff's request for counsel (D.I. 32); and (3) deny without prejudice to renew Plaintiff's motion to depose defendants (D.I. 44). A separate order shall issue.

                                                                       UNITED STATES DISTRICT JUDGE

December 9, 2019
Wilmington, Delaware

2